1

2

3

4

5

6           UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
7                     AT SEATTLE

8    ZAMBEZIA FILM (Pty.) LTD.,

9           Plaintiff,

10          v.                                  Case No.  C13-0311RAJ-RSL

11   DOES 1 - 66,                               ORDER TO SHOW CAUSE AND
                                                QUASHING SUBPOENAS
12          Defendants.

13

14

15          This action was filed on February 18, 2013.  It is one of forty-eight

16   copyright infringement actions filed during a four month period by attorney Richard J.

17   Symmes against approximately 2,323 individual Doe defendants.  The sixty-six

18   defendants in this case are represented by IP addresses linked to on-line sharing of the

19   movie "Adventures in Zambezia" between 1:51 am on November 27, 2012, and 4:51 pm

20   on December 14, 2012.  Although the evidence of internet activity shows that hours, if

21   not days, separated each defendant's allegedly infringing conduct, plaintiff alleges that all

22   sixty-six defendants participated in a single "swarm" utilizing interactive peer-to-peer file

23   transfer technology protocol called a BitTorrent to illegally copy and share "Adventures

24   in Zambezia."  Plaintiff affirmatively alleges that the "swarm" aspect of the file-sharing

25   justifies joinder of these disparate defendants in a single lawsuit.

26

ORDER TO SHOW CAUSE
AND QUASHING SUBPOENAS - 1

1          On February 25, 2013, the Court granted plaintiff's motion to initiate early

2   discovery, including the issuance of subpoenas under Fed. R. Civ. P. 45 to internet

3   service providers, in an attempt to identify each Doe defendant.  Only one defendant has

4   filed objections to the subpoena.  Dkt. # 8.  Despite the fact that more than two months

5   have elapsed since discovery was authorized, there is no indication that any defendants

6   have been served, nor has plaintiff amended its complaint to identify the Doe defendants.

7          All BitTorrent cases filed in the Western District of Washington have been

8   referred to the undersigned for pretrial handling.  As the full extent of this assignment has

9   become clear, the Court admits to some concerns regarding both the appropriateness of

10   joinder and the possibility that the judicial authority of the United States may be used to

11   wrest improvident settlements from pro se litigants under threat of huge statutory

12   penalties.  The Court is not alone:  other judicial officers in the Ninth Circuit are beset by

13   the same concerns and have taken various paths to mitigate the potential for abuse.  See,

14   e.g., Ingenuity 13 LLC v. John Doe, No. 2:12-cv-9333-ODW(JCx) (C.D. Cal. May 6,

15   2013); Voltage Pictures, LLC v. Does 1-12, No. 2:13-292-AA (D. Or. May 4, 2013).

16          Having reviewed the record in this and related cases as well as the relevant

17   case law, it is hereby ORDERED as follows:

18       1.  Any and all subpoenas issued in the above-captioned matter are hereby

19   QUASHED.  Plaintiff shall immediately notify the subpoena recipients that they need not

20   respond.

21       2.  To the extent plaintiff has obtained identifying information regarding one or

22   more Doe defendants, whether through the service provider, defendant, or another source,

23   it shall not utilize that information in any way.  If plaintiff has already contacted one or

24   more of the defendants, it shall file under seal all correspondence or other written

25   communications (including emails) sent to defendants and a summary of any oral

26

ORDER TO SHOW CAUSE
AND QUASHING SUBPOENAS - 2

1  communications.  Plaintiff shall refrain from any further oral or written communications

2  with defendants unless expressly approved by the Court in advance.

3        3.  Plaintiff shall, within fourteen days of the date of this Order, show cause why

4  the above-captioned matter should not be dismissed as to all defendants other than Doe 1

5  for improper joinder and/or pursuant to the Court's inherent authority to control its

6  docket.

7        4.  Plaintiff shall, within fourteen days of the date of this Order, provide additional

8  information regarding (a) Zambezia Film (Pty.) Ltd.'s ownership of the copyright at issue

9  and (b) Zambezia Film (Pty,) Ltd.'s direct and indirect members/owners/stakeholders.

10  Plaintiff shall provide a copy of any and all transfer statements and/or work-for-hire

11  agreements supporting a determination that Zambezia Film (Pty.) Ltd. has standing to

12  pursue this action.  Plaintiff shall also supplement the corporate disclosure statement filed

13  in this action (Dkt. # 2) by providing the registration information for Zambezia Film

14  (Pty.) Ltd. maintained by the Secretary of State and identifying all members/owners/

15  stakeholders of Zambezia Film (Pty.) Ltd., both direct and indirect, in the form of an

16  organizational tree that reaches back far enough to reveal all individual members/owners/

17  stakeholders and publicly-traded corporations.

18        5.  With the exception of the actions specifically set forth in this Order, the above-

19  captioned matter is hereby STAYED.

20

21

22

23

24

25

26

ORDER TO SHOW CAUSE
AND QUASHING SUBPOENAS - 3

1        For all of the foregoing reasons, the pending motion to quash (Dkt. # 8) is

2   GRANTED.  The Clerk of Court is directed to place this Order to Show Cause on the

3   Court's calendar for Friday, May 24, 2013.

4

5            Dated this 10th day of May, 2013.

6                                    _____

7                                    Robert S. Lasnik
                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER TO SHOW CAUSE
AND QUASHING SUBPOENAS - 4